**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

WILSHIRE INSURANCE COMPANY,

      Plaintiff-counter-
      defendant-Appellee,

  v.

PATRICK YAGER; JAVIER LOPEZ,

      Defendants-counter-
      claimants-Appellants,

  v.

GIRARD INSURANCE COMPANY; IRA
LEE GIRARD; MARY ANN GIRARD,

      Third-party-defendants.

No.    18-17350

D.C. No. 4:16-cv-00192-JAS

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
James Alan Soto, District Judge, Presiding

Submitted May 5, 2020[**]
Seattle, Washington

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: TASHIMA, W. FLETCHER, and RAWLINSON, Circuit Judges.

This appeal arises from an insurance coverage dispute. Alonso Pastor obtained commercial auto insurance coverage with Appellee Wilshire Insurance Company (Wilshire). Appellants Patrick Yager and Javier Lopez were involved in a motor vehicle accident during which Yager sustained injuries. The van owned and driven by Lopez was added as a covered auto under Pastor's policy, but Lopez was not added as a named insured.

Following the accident, Yager initiated a state lawsuit against Lopez and Pastor. Months after Wilshire obtained counsel on Lopez's behalf, Wilshire issued a reservation of rights on the basis that Lopez was not covered under the policy. The state action was dismissed as to Pastor, and Lopez assigned his rights against Wilshire to Yager, with the pair agreeing to a stipulated judgment of $1.5 million.

Wilshire initiated the underlying declaratory action in federal court, seeking a declaration that the insurance company had no duty to indemnify Lopez under the insurance policy.

Yager and Lopez appeal the district court's grant of summary judgment in favor of Wilshire. We review the district court's order granting summary judgment *de novo*. *See Arce v. Douglas*, 793 F.3d 968, 975-76 (9th Cir. 2015).

2

**1.** The district court properly entered judgment in favor of Wilshire, as Lopez was not covered under the policy. The policy defined "insured" as Pastor "for any covered auto" and "[a]nyone else while using with [Pastor's] permission a covered auto . . . own[ed], hire[d] or borrow[ed] except [t]he owner or anyone else from whom [Pastor] hire[d] or borrow[ed] a covered auto." Although the vehicle being operated by Lopez was insured, Lopez was not. Further, as the owner of the vehicle being operated, Lopez did not fit within the definition of a permissive driver.

**2.** Wilshire was not estopped from raising coverage defenses, nor did Wilshire waive any coverage defenses. Waiver requires a clear expression of intent to relinquish a known right. *See Prieto v. Paul Revere Life Ins. Co.*, 354 F.3d 1005, 1013 n.12 (9th Cir. 2004) (citing Arizona law); *see also Services Holding Co., Inc. v. Transamerica Occidental Life Ins. Co.*, 883 P.2d 435, 443 (Ariz. Ct. App. 1994). Morever, Wilshire would only be estopped from asserting coverage defenses if an insured detrimentally relied on Wilshire's actions. *See Services Holding.*, 883 P.2d at 443. Because Lopez produced no evidence of Wilshire's intentional relinquishment of its right to deny coverage, or of Lopez's detrimental reliance on any action taken by Wilshire, no material issue of fact was

raised to preclude summary judgment. *See Penn-Am. Ins. Co. v. Sanchez*, 202 P.3d 472, 476 (Ariz. Ct. App. 2008) (articulating the summary judgment standard).

3.     Finally, because Lopez was not covered under the Wilshire policy, his claims for bad faith and breach of the covenant of good faith and fair dealing are not viable. *See Desert Ridge Resort LLC v. Occidental Fire & Cas. Co. of NC*, 141 F. Supp. 3d 962, 972-73 (D. Ariz. 2015).

**AFFIRMED.**